# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID COOPER** | : | |
| **31 Christman Drive** | : | |
| **Elverson, PA 19520,** | : | **Civil Action No.** |
| | : | |
| **Plaintiff** | : | |
| | : | **Jury Trial Demanded** |
| **v.** | : | |
| | : | |
| **GROWING FAMILY PORTRAITS, LLC** | : | |
| **d/b/a LIFE365 PORTRAITS** | : | |
| **23 Vreeland Road** | : | |
| **Florham Park, NJ 07932** | : | |
| | : | |
| **Defendant.** | : | |

## COMPLAINT

Plaintiff, David Cooper ("Cooper"), by and through his attorneys, Unruh, Turner, Burke & Frees, hereby files this complaint against defendant, Growing Family Portraits, LLC d/b/a Life365 Portraits ("GFP"), and in support thereof, avers as follows:

## I.     PRELIMINARY STATEMENT

1.      This case involves disability and age discrimination.  Cooper had been employed thirty years with GFP as a photographer and photographer manager.  His work performance was exemplary, and in early-2016 he was offered a promotion to manage multiple territories.  Shortly after being offered the promotion, Cooper injured his shoulder and required surgery.  While Cooper rehabilitated his injury, the parties continued to prepare for his expanded managerial role, the implementation of which was to occur after his return to work in June 2016.  As required by company policy, Cooper submitted his June schedule one month prior to returning to work.  On the schedule, Cooper listed two days off for "Cancer Screening," which had never

previously been known by GFP. One week after Cooper returned to work (which was also only one month after GFP learned of the Cancer Screening and merely two days before such screening was to commence), GFP fired Cooper without explanation.

2. Cooper seeks compensatory and punitive damages, costs, and attorneys' fees against GFP to redress the injuries suffered as a result of being discriminated against and terminated by GFP based upon his disability (or perceived disability) and his age, as set forth in more detail below.

## II. PARTIES

3. Cooper is an adult individual who is presently fifty-five years of age and resides at 31 Christman Drive, Elverson, Pennsylvania.

4. GFP is a limited liability company with a principal place of business at 23 Vreeland Road, Florham Park, New Jersey. GFP is engaged in the business of selling services and products relating to the professional portraits taken by its photographers. At all times relevant hereto, Cooper was employed by GFP as a photographer or photographer manager, and provided services on GFP's behalf primarily in the eastern region of Pennsylvania.

5. GFP engages in an industry affecting interstate commerce and, upon information and belief, employs more than five-hundred (500) employees.

## III. JURISDICTION & VENUE

6. This action arises under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101, *et seq.* ("ADA"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, *et seq.* ("ADEA"); and the Pennsylvania Human Relations Act, 43 P.S. §951, *et seq.* ("PHRA").

7. Jurisdiction over the federal claims for violation of the ADA and ADEA is invoked pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(4), and over the state law claim for violation of the PHRA pursuant to the doctrine of pendant jurisdiction.

8. Jurisdiction over the federal claims is appropriate because Cooper timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") regarding the unlawful discrimination to which he was subjected by GFP.

9. More than one-hundred and eighty (180) days have elapsed since Cooper filed his charge of discrimination. On September 13, 2017, the EEOC mailed Cooper a Ninety-Day Right to Sue Letter. A true and correct copy of the Right to Sue Letter is attached hereto as "Exhibit A."

10. Jurisdiction over the state claim is appropriate because Cooper's charge of discrimination with the EEOC was cross-filed with the Pennsylvania Human Relations Commission, and more than one year has elapsed since such time.

11. This action properly lies in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b) & (c) because the events giving rise to Cooper's claims arose in this judicial district and also because GFP regularly conducts business, and in fact employed Cooper to conduct business, in this judicial district.

## IV. <u>FACTS</u>

12. Cooper began employment as a photographer for GFP in 1986.

13. In 2012, Cooper was promoted to a Photographer Manager position.

14. On November 17, 2015, Cooper tore his rotator cuff while removing photography equipment from his vehicle.

15.     As a result of his injury, Cooper had surgery on February 29, 2016 to repair his shoulder.  A copy of the Employee Injury Report that Cooper submitted regarding his injury is attached as "Exhibit B."

16.     Cooper's surgery went as planned, but he was not able to return to work for approximately three months after the surgery.

17.     Prior to his injury, GFP's District Manager, Marcelo Gonzalez ("Gonzalez"), contacted Cooper to advise him that GFP intended to terminate the employment of Pauline Roding ("Roding"), who was another Photographer Manager, and have Cooper manage Roding's territory in addition to his territory.

18.     Cooper was informed that his title of Photographer Manager would remain the same, but the move was a promotion because Cooper would receive additional compensation and have greater responsibilities for managing two territories.

19.     Cooper agreed to be the manager for both territories, but implementation was delayed because of Cooper's injury.

20.     While resting from his surgery, Gonzales contacted Cooper to schedule a time for Cooper to meet with certain corporate executives at GFP's corporate offices to begin preparation for becoming a manager of two territories.

21.     On April 5, 2016, Cooper traveled to GFP's corporate office to begin planning for the transition.

22.     While at GFP's corporate office, Cooper met not only with Gonzalez, but also met extensively with GFP's President, Debra Merwin ("Merwin"), and other executives to beginning planning for his new role and to discuss the best means for the transition of Roding's responsibilities.

23.     Cooper's meeting with Merwin, Gonzales and the other corporate executives of GFP lasted for an entire day.

24.     During the meeting, Cooper was assured by Merwin and Gonzalez that after he was able to return to work, he would be the Photographer Manager for both his and Roding's territories, which would comprised much of Pennsylvania and New Jersey.

25.     Cooper projected that his return to work would occur in early-June 2016.

26.     In anticipation of his return, Cooper completed a schedule of the dates he would be available to work in June and the dates that he would need to take off for medical reasons.

27.     GFP required that all employee schedules be submitted one month in advance in order to ensure proper staffing.

28.     In compliance with GFP's workplace policies, Cooper submitted his proposed June schedule to multiple GFP executives on May 10, 2016. A copy of the May 10, 2016 email transmitting Cooper's proposed schedule to GFP is attached as "Exhibit C."

29.     The schedule that Cooper submitted in May expressly identifies that he was having "Cancer Screening" performed on June 17 and June 18. A copy of Cooper's June 2016 schedule is attached as "Exhibit D."

30.     At no point in time prior to the submission of his June 2016 schedule was GFP aware that Cooper was having Cancer Screening performed.

31.     After Cooper submitted his schedule, GFP had no further communications with him regarding him becoming the Photography Manager for his and Roding's territories.

32.     Cooper was given clearance by his orthopedic surgeon to return to work on June 7, 2016. A copy of the doctor's note permitting Cooper's return to work is attached as "Exhibit E."

33.     Cooper did in fact return to work on June 7, 2016 and was able to fulfill all essential functions of his job.

34.     On June 15, 2016, Gonzalez met with Cooper and told him that his employment was being terminated.

35.     GFP fired Cooper:  (a) one month after it learned he would have Cancer Screening; (b) one week after he returned to work from shoulder surgery; and (c) merely two days before his Cancer Screening was scheduled to begin.

36.     Despite Cooper's request to know why he was being fired and why GFP abruptly altered its decision to have Cooper manage multiple territories, Gonzales refused to give Cooper an answer as to why he was being terminated.

37.     No options of continued employment were offered to Cooper other than to permit Cooper to finish the workweek.  As such, Cooper's last day of employment was June 19, 2016.

38.     After Cooper filed his charge of discrimination with the EEOC, GFP manufactured the narrative that Cooper's employment was terminated because there was insufficient work, which obviously was not a concern when it invested substantial time to prepare him for managing two territories just one month prior to learning of his Cancer Screening.

39.     GFP's proffered reason for Cooper's termination is merely a pretext for unlawful discrimination based upon disability and age.

40.     The intentional, outrageous, and egregious conduct of GFP's actions justifies an award of punitive damages.

# V.   CAUSES OF ACTION

## FIRST CAUSE OF ACTION
### Violation of the ADA, 42 U.S.C. §12101, *et seq*

41.   Cooper incorporates by reference the averments contained in Paragraphs 1 through 40, as if set forth fully herein.

42.   The ADA prohibits, *inter alia*, private employers from discriminating against an otherwise qualified individual with a disability, which includes termination of employment, advancement, compensation, as well as other privileges of employment.

43.   Under the ADA, an individual with a disability is a person who: (a) has a physical or mental impairment that substantially limits one or more major life activities; (b) has a record of such impairment; or (c) is regarded as having such an impairment.

44.   At all relevant times hereto, Cooper was an individual with a disability as defined by the ADA, and as evidenced by the fact that he had an exemplary work history over the thirty years he worked for GFP, was also a qualified employee as defined by the ADA.

45.   At no point in time did GFP engage in an interactive process with Cooper regarding his disability.

46.   By the actions set forth in the preceding paragraphs of this complaint, GFP unlawfully discriminated against Cooper in the workplace and by terminating his employment based upon his disability in violation of the ADA.

47.   As a direct and proximate result of GFP's violation of the ADA, Cooper has suffered, and continues to suffer, great harm in the form of lost back pay, lost front pay, other past and future pecuniary losses, emotional pain and suffering, inconvenience and loss of enjoyment of life.

## SECOND CAUSE OF ACTION
### Violation of the ADEA, 29 U.S.C. §621, *et seq.*

48.   Cooper incorporates by reference the averments contained in Paragraphs 1 through 47 as if set forth fully herein.

49.   Cooper was over forty years of age at the time GFP subjected him to an adverse employment action when it terminated his employment.

50.   GFP's decision to terminate Cooper's employment, in addition to being based on his disability, was based on his age and the perception that cancer is associated or otherwise attendant with more senior employees.

51.   By the actions set forth in the preceding paragraphs of this complaint, GFP unlawfully discriminated against Cooper in the workplace and by terminating his employment based upon his age in violation of the ADEA.

52.   As a direct and proximate result of GFP's violation of the ADEA, Cooper has suffered, and continues to suffer, great harm in the form of lost back pay, lost front pay, other past and future pecuniary losses, emotional pain and suffering, inconvenience, and loss of enjoyment of life.

## THIRD CAUSE OF ACTION
### Violation of the PHRA, 43 P.S. §953, *et seq.*

53.   Cooper incorporates by reference the averments contained in Paragraphs 1 through 52 as if set forth fully herein.

54.   By the actions set forth in the preceding paragraphs of this complaint, GFP unlawfully discriminated against Cooper in the workplace and by terminating his employment based upon his disability and age, both of which are in violation of the PHRA.

55. As a direct and proximate result of GFP's violation of the PHRA, Cooper has suffered, and continues to suffer, great harm in the form of lost back pay, lost front pay, other past and future pecuniary losses, emotional pain and suffering, inconvenience, and loss of enjoyment of life.

## VI. **JURY DEMAND**

Cooper demands trial by jury on all claims and issues triable by a jury.

## VII. **PRAYER FOR RELIEF**

WHEREFORE, Cooper respectfully requests that this Honorable Court:

(a) declare GFP's conduct to be in violation of Cooper's rights afforded under the ADA, ADEA, and PHRA;

(b) enjoin GFP from engaging in such conduct in the future;

(c) award Cooper all compensatory damages to which he is entitled, including back pay, front pay, other past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, liquidated damages, and other statutory and compensatory damages;

(d) award Cooper punitive damages to which he proves entitled;

(e) award Cooper his attorneys' fees and costs; and

(f) grant such other relief as it may deem just and proper.

Respectfully submitted,

UNRUH, TURNER, BURKE & FREES

Dated: December 7, 2017

By: _____
    Brian D. Boreman
    Attorney I.D. No. 84074
    Bboreman@utbf.com
    PO Box 515
    West Chester, PA 19382
    610-692-1371
    610-692-1379 (facsimile)
    Attorneys for Plaintiff

# EXHIBIT A

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: David Cooper
31 Christman Drive
Elverson, PA 19520

From: Newark Area Office
283-299 Market Street
Two Gateway Center, Suite 1703
Newark, NJ 07102

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2017-00952 | **Rayba Watson, Enforcement Supervisor** | **(973) 645-6021** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

John Waldinger, Area Office Director

SEP 1 3 2017

*(Date Mailed)*

Enclosures(s)

cc: Dominick Bratti
Respondent Attorney
GROWING FAMILY PORTRAITS, LLC
150 JFK Parkway
Short Hills, NJ 07078

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions,** such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
➢ **Only one** major life activity need be substantially limited.
➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

RECEIVED
SEP 1 8 2017

Enclosures(s)

cc:  Brian D. Boreman

Charging Party Counsel
Unruh, Turner, Burke & Frees
West Chester, PA 19381-0515
P.O. Box 515

# EXHIBIT B

# EMPLOYEE'S INJURY REPORT

File No. __145-CB-E3U6094-A__

To enable the Company to give your case prompt attention in accordance with the compensation law, please complete this form in full and return it immediately in the enclosed envelope.

**PLEASE TYPE OR PRINT**

| | | | | CLAIM CASE MANAGER |
|---|---|---|---|---|
| | | | | Rosa A Henriquez |

| EMPLOYEE'S NAME | DATE OF BIRTH | SOCIAL SECURITY NO. | TELEPHONE NO. AREA CODE | EMAIL ADDRESS |
|---|---|---|---|---|
| David Cooper | 02/03/1962 | XXX-XX-XXXX | (610)659-4371 | |

| NAME OF EMPLOYER | | MARITAL STATUS | |
|---|---|---|---|
| Growing Family Portraits, | | ☐ SINGLE  ☒ MARRIED | ☐ DIVORCED  ☐ WIDOWED  ☐ SEPARATED |

| HOW LONG HAVE YOU WORKED FOR THIS EMPLOYER? | WAGES WHEN INJURED | | NO. OF DAYS WORKED PER WEEK |
|---|---|---|---|
| 30 yrs | $ 772.99 | ☐ DAILY  ☒ WEEKLY | 5 Days |

| OCCUPATION WHEN INJURED | WERE YOU DOING YOUR REGULAR WORK? (IF NO, PLEASE EXPLAIN) |
|---|---|
| Photographer | ☒ YES  ☐ NO |

| DO YOU HAVE MORE THAN ONE EMPLOYER?  (IF YES, INDICATE NAME AND COMPLETE ADDRESS OF OTHER EMPLOYER) | EMPLOYER'S TELEPHONE NO. AREA CODE |
|---|---|
| ☐ YES  ☒ NO | 973 736 5600 |

| DATE OF INJURY | | WHEN DID YOU REPORT INJURY? | TO WHOM DID YOU REPORT INJURY? |
|---|---|---|---|
| Date: 11/17/16  Time: 1000  AM ☒ PM ☐ | | 11/17/16  11:00 am  AM ☒ PM ☐ | Marcello Gonzalez (Manager) |

| DATE YOU WERE FORCED TO LEAVE WORK BECAUSE OF INJURY | | WAS INJURY SUSTAINED ON EMPLOYER'S PREMISES? |
|---|---|---|
| Date: 11/18/15  Time: 9:00am | | |

| HAVE YOU RETURNED TO WORK? | IF YES, INDICATE DATE RETURNED | IF NO, DATE YOU EXPECT TO RETURN |
|---|---|---|
| ☒ YES  ☐ NO | 11/9/15 (light duty) + Hours, Surgery on 2/29/16 for this Injury | Do not know when return will be at this point. |

| WAS INJURY CAUSED BY ANOTHER PERSON?  (IF YES, INDICATE NAME OF OTHER PERSON) | WHO IS OTHER PERSON EMPLOYED BY? |
|---|---|
| ☐ YES  ☒ NO | N/A |

DESCRIBE YOUR INJURY AND HOW ACCIDENT OCCURRED

Was pulling Camera Case and duffel bag out of back of Car duffel bag was stuck pulled hard and it popped out pulling my Right arm down. Heard popping noise in shoulder and sharp Pain.

| NAME OF YOUR DOCTOR | DOCTOR'S ADDRESS (NO., STREET, CITY OR TOWN, STATE, ZIP CODE) | DOCTOR'S TELEPHONE NO. AREA CODE |
|---|---|---|
| John F. Perry MD | 25 S Pine St PO Box 210 Elverson PA 19520 | 610 286-1660 |

| HAVE YOU EVER HAD A SIMILAR INJURY IN THE PAST? (IF YES, INDICATE DATE, LOCATION AND BRIEF DESCRIPTION) |
|---|
| ☒ YES  ☐ NO  Left shoulder fell down. Pulled Rotation Cuff off. |

IF YOUR INJURY IS TO YOUR ARM OR HAND, PLEASE CHECK THE APPROPRIATE BLOCK BELOW

☐ I AM RIGHT HANDED   ☒ I AM LEFT HANDED

| AT THE TIME OF YOUR INJURY, WAS YOUR SPOUSE LIVING WITH YOU? | IF YOU ARE UNDER 21 YEARS OF AGE, INDICATE NAME AND COMPLETE ADDRESS OF PARENT OR GUARDIAN |
|---|---|
| ☒ YES  ☐ NO | N/A |

LIST NAMES AND DATES OF BIRTH OF ANY CHILDREN OR STEP CHILDREN WHO ARE MAINLY SUPPORTED BY YOU

Liam Cooper 12-13-98
Erin Cooper 2-20-02

| ARE YOU LIVING IN YOUR EMPLOYER'S HOUSEHOLD OR PREMISES? | IF RELATED TO EMPLOYER, INDICATE RELATIONSHIP |
|---|---|
| ☐ YES  ☒ NO | NO |

| DATE | YOUR SIGNATURE |
|---|---|
| 2/27/16 | David Cooper |

ADDRESS (NO., STREET, CITY OR TOWN, STATE, ZIP CODE)

31 Chrisman Dr Elverson PA 19520

C4791 5/12                    F3162C1P16051003605  00001  N

# EXHIBIT C

## dcooper@life365portraits.com

| | |
|---|---|
| **From:** | <dcooper@life365portraits.com> |
| **Date:** | Tuesday, May 10, 2016 5:36 PM |
| **To:** | "Tom McClellan" <tmcclellan@life365portraits.com> |
| **Cc:** | "Wayne C. Strobel" <wstrobel@life365portraits.com>; "Marcelo G. Gonzalez" <mgonzalez@life365portraits.com> |
| **Attach:** | 2016 Photographer Master Schedule - Lancaster.xlsx |
| **Subject:** | Emailing: Lancaster 5-10-16 2016 Photographer Master Schedule - Lancaster.xlsx |

Your message is ready to be sent with the following file or link attachments:
2016 Photographer Master Schedule - Lancaster.xlsx

Note: To protect against computer viruses, e-mail programs may prevent sending or receiving certain types of file attachments. Check your e-mail security settings to determine how attachments are handled.

# EXHIBIT D

| | 6/13 Monday | 6/14 Tuesday | 6/15 Wednesday | 6/16 Thursday | 6/17 Friday | 6/18 Saturday | 6/19 Sunday | Totals | 6/20 Monday | 6/21 Tuesday | 6/22 Wednesday | 6/23 Thursday | 6/24 Friday |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 5 | 7 | 5 | 7 | 5 off/P | off | | 29 off | | 7 | 7 off | 7 off | 7 |
| | | 7 | 7 off | 7 off | 7 | 7 | 7 | 35 | 7 | 7 | 7 off | 7 off | off |
| | off | off / NC | | off | cancer screening | 7 off | | 28 off | off / NC | | 7 | 7 | 7 |
| | | 7 | | 7 | 7 | 7 | 7 | 35 | 7 | 7 | 5 | 7 | 7 |
| | | | | | | | | 0 | | | | | |
| | | | | | | | | 0 | | | | | |
| | | | | | | | | 0 | | | | | |
| | | | | | | | | 0 | | | | | |
| | | | | | | | | 0 | | | | | |
| | | | | | | | | 0 | | | | | |
| **Totals** | 19 | 21 | 19 | 14 | 26 | 21 | 7 | 127 | 14 | 21 | 19 | 21 | 19 |

| 6/25 Saturday | 6/26 Sunday | Totals | 6/27 Monday | 6/28 Tuesday | 6/29 Wednesday | 6/30 Thursday | 7/1 Friday | 7/2 Saturday | 7/3 Sunday | Totals |
|---|---|---|---|---|---|---|---|---|---|---|
| | | 0 | | | | | | | | 0 |
| 7 off | | 31 | 7 off | 7 | 5 | 7 | 7 | 7 off | 7 | 33 |
| 7 off | | 28 | off | | 7 | 7 | 7 | 7 off | | 28 |
| | | 0 | | | | | | | | 0 |
| | | 0 | | | | | | | | 0 |
| | | 0 | | | | | | | | 0 |
| | | 0 | | | | | | | | 0 |
| | | 0 | | | | | | | | 0 |
| 7 | 7 | 42 | 7 off | off pre-arranged at hire | off | 7 | off | 7 | 7 | 21 |
| | | 0 | | | | | | | | 0 |
| 7 | 7 | 35 | 7 | 7 | 7 | 7 | 7 | 7 | 7 | 35 |
| 28 | 14 | 136 | 14 | 14 | 19 | 14 | 14 | 28 | 14 | 117 |

# EXHIBIT E

# JOHN F. PERRY, MD
## Orthopedic Surgery & Sports Medicine
www.johnfperryorthopedics.com
Phone 610-286-1660   Fax 610-286-1662

PO Box 210
25 South Pine Street
Elverson, PA  19520

1121 Penn Ave
Wyomissing, PA 19610

2320 Rothsville Road, Suite 200
Rothsville Medical Center
Lititz, PA  17543

## RETURN TO WORK PHYSICAL CAPABILITIES

Patient Name: David Cooper

Date of Office Visit: 6/1/16

Date of Injury: 11/7/15

Claim #: 23U6054

### Work Ability Status

☑ Return to regular duties:  ☐ immediately  ☐ next shift  ☐ next visit  ☑ other June 7, 2016
☐ No work until:  ☐ immediately  ☐ next shift  ☐ next visit  ☐ other
☑ May return to work if the following limitations can be met:
 ☑ Sedentary duty: Lifting 10 lbs maximum and occasionally lifting/carrying
 ☐ Light duty: Lifting 20 lbs maximum with frequent lifting/carrying of objects weighing up to 10 lbs
 ☐ Medium work: Lifting 50 lbs maximum with frequent lifting/carrying of objects weighing up to 25 lbs
 ☐ Heavy work: Lifting 100 lbs maximum with frequent lifting/carrying of objects weighing up to 50 lbs
 ☐ Very heavy work: Lifting objects in excess of 100 lbs with frequent lifting/carrying objects weighing 50 lbs or more

### Limitations

In an 8 hour day, patient can:
| | | |
|---|---|---|
| Stand/Walk: | ☑ No Restrictions | ☐ _____ hours max.  ☐ Not at this time |
| Sit: | ☑ No Restrictions | ☐ _____ hours max.  ☐ Not at this time |
| Drive: | ☑ No Restrictions | ☐ _____ hours max.  ☐ Not at this time |

Work Hour Restrictions:
 ☑ No Restrictions to work hours     ☐ Hours restricted to: _____ hours per day     _____ days per week

☐ No use of:                                    ☐ Right upper extremity          ☐ Left upper extremity
☐ No frequent use of:                           ☐ Right upper extremity          ☐ Left upper extremity
☐ No repetitive grip/squeeze/push/pull:         ☐ Right hand                     ☐ Left hand
☐ No reaching above countertop level (36"):     ☐ Right hand                     ☐ Left hand
☐ No frequent reaching above countertop level (36"):  ☐ Right hand               ☐ Left hand
☑ No reaching above shoulder level:             ☑ Right hand                     ☐ Left hand
☐ No frequent reaching above shoulder level:    ☐ Right hand                     ☐ Left hand
☐ Restricted to lifting _____ lbs. above countertop level

☐ No bending        ☐ No frequent bending        ☐ Must allow frequent change of position for comfort
☐ No twisting       ☐ No frequent twisting            (i.e, sitting, standing, walking)

☑ No pushing/pulling  ☐ No frequent pushing/pulling   ☑ Right        ☐ Left
☐ No lifting          ☐ No frequent lifting           ☐ Right        ☐ Left
☐ No carrying         ☐ No frequent carrying          ☐ Right        ☐ Left

☐ No squatting          ☐ No frequent squatting          ☐ No crawling        ☐ No frequent crawling
☐ No climbing/ladders   ☐ No frequent climbing/ladders   ☐ No pushing/pulling ☐ No frequent squatting
☐ No stairs             ☐ No frequent stairs

Comments: Restriction till June 7 then Regular Work

Follow-up appointment: PRN

Attending Physician: John F. Perry, MD     ☐ Copy sent with patient

Signature: _____     06-01-2016

Date: _____

*Common sense must be used when applying these limitations*